JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 22 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 605

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SANI-FRESH LIQUID HAND SOAP TRADEMARK LITIGATION

TRANSFER ORDER

This litigation presently consists of three actions: one action each in the Northern District of Georgia, Northern District of Ohio and Western District of Texas. Now before the Panel is a motion by Airwick Industries, Inc., a defendant in the Texas action, to centralize, pursuant to 28 U.S.C. §1407, the actions in this litigation in the Northern District of Ohio for coordinated or consolidated pretrial proceedings. Go-Jo Industries, Inc., the plaintiff in the Ohio action; and Southern Chemical Products Co., the plaintiff in the Georgia action and a defendant in the Texas action, support centralization in the Northern District of Ohio. Sani-Fresh International, Inc. (Sani-Fresh), the Texas plaintiff and the sole defendant in the Georgia and Ohio actions, agrees that the actions ought to be centralized for pretrial proceedings; however, Sani-Fresh urges that they be centralized in the Western District of Texas. Minnetonka, Inc., a defendant in the Texas action, opposes transfer.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Western District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions concern the manufacture and lease of liquid hand soap dispensers by Sani-Fresh and the sale or distribution of liquid hand soap cartridge refills for use in these dispensers by Sani-Fresh and other sellers and distributors of industrial and commercial liquid hand soap. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Texas is the appropriate transferee forum for this litigation. We note that relevant documents and witnesses can be found at Sani-Fresh's headquarters located in the Western District of Texas.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Western District of Texas be, and the same hereby are, transferred to the Western District of Texas and, with the consent of that court, assigned to the Honorable Edward C. Prado for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

Schedule A

<u>MDL-605 -- In re Sani-Fresh Liquid Hand Soap Trademark Litigation</u>

    <u>Northern District of Georgia</u>

<u>Southern Chemical Products Co. v. Sani-Fresh International, Inc., C.A. No. C84-1025A</u>

    <u>Western District of Texas</u>

<u>Sani-Fresh International, Inc. v. Minnetonka, Inc., et al., C.A. No. SA-84-CA-973</u>

    <u>Northern District of Ohio</u>

<u>Go-Jo Industries, Inc. v. Sani-Fresh International, Inc., C.A. No. C83-3436A</u>